IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

NICKIE MACK, INDIVIDUALLY, AND FOR                                    PLAINTIFF
AND ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF ALFRED MACK

VERSUS                                           CIVIL ACTION NO.  2:07cv36 KS-MTP

LESTER COGGINS TRUCKING, INC.                                         DEFENDANT

ORDER STRIKING PLAINTIFF'S EXPERT DESIGNATION

THIS MATTER is before court on the defendant's motion [17] to strike plaintiff's expert designation or, alternatively, for additional time to designate experts, and the court having considered the motion finds that it should be GRANTED.

As an initial matter, the court notes that the plaintiff failed to respond in any way to the motion and, pursuant to Local Rule 7.2 (C)(2), the motion may be granted as unopposed. Morever, the court further finds that the plaintiff's expert designation should be stricken upon balancing the four factors outlined in *Geiserman v. MacDonald*, 893 F.2d 1990 (5th Cir. 1990). These four factors, as listed below, weigh against the plaintiff.

1. <u>The explanation for the failure to identify the witness</u>.  This factor strongly favors the defense.  The deadline for plaintiff to designate experts expired on August 1, 2007.  Plaintiff filed the expert designation at issue on September 5, 2007.  Plaintiff did not request additional time to file the designation and provided the court with no explanation for the tardy designation. And, as noted above, plaintiff did not file any response to the motion to strike the designation of experts.

Plaintiff did intimate in a "Declaration of Technical Difficulties" that defendant had

granted her an extension to September 1, 2007, to designate her experts.  Defendants deny any such agreement.  However, the case management order [5] provides that the deadlines "can be modified only by order of the Court upon a showing of good cause."  There has been no showing or attempted showing of good cause and no court order allowing an extension.

      2. <u>The importance of the testimony.</u>   Without a response from the plaintiff, the court is left to attempting an educated guess as to the importance of the testimony at issue.  From reviewing the report, it is apparent that plaintiff's decedent and plaintiff attempt to connect certain mental suffering and even a subsequent suicide with a prior auto accident.  The basis for the expert's opinion in this regard is sketchy at best.  Possible defects aside, the report appears to contain testimony that it is important to plaintiff's case and, therefore, this factor favors the plaintiff.

      3. <u>Potential prejudice in allowing the testimony</u>.  This factor favors the defense.  Aside from being late in the process, the report is incomplete consisting of a mere two pages and providing little indication of the data, records or other information considered by the purported expert in forming his opinion as required by Fed. R. Civ. P. 26 (a)(2)(B).  Additionally, the report is vague and conclusory and suggests that the plaintiff and plaintiff's decedent incurred "punitive damages."   The basis for this finding, and others, is not evident in the report. Thus, aside from being untimely, the report is incomplete.

      4. <u>The availability of a continuance to cure any prejudice</u>.  While a continuance might cure the prejudice, the court does not reach this issue as the other factors do not support the movant.  "Otherwise, the failure to satisfy the rules would never result in exclusion, but only in continuance."  *Hamburger v. State Farm Mutual Auto Insurance Company*, 361 F.3d 875, 884 (5th Cir. 2004).

IT IS, THEREFORE, ORDERED that the motion [17] to strike plaintiff's designation of experts is granted. The designation [15,16] is hereby stricken, set aside and held for naught.

SO ORDERED this the 11th day of October, 2007.

s/ Michael T. Parker
United States Magistrate Judge