IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

NICKIE MACK, individually, and for and on
behalf of all wrongful death beneficiaries
of ALFRED MACK                                                                    PLAINTIFF

v.                                                        CIVIL ACTION # 2:07cv36-KS-MTP

LESTER COGGINS TRUCKING, INC.                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [# 20] filed by Lester Coggins Trucking. Because the Plaintiff failed to acknowledge her claim against the Defendant in her bankruptcy proceeding, she is judicially estopped from maintaining her suit, and the motion for summary judgment should be **granted**.

### I. FACTUAL BACKGROUND

Alfred Mack was involved in an auto accident on January 14, 2004. He claimed that his vehicle was struck by a truck owned by Lester Coggins Trucking, Inc. ("Coggins Trucking"). Mack argued that the truck was negligently operated by Anissa Austin, an employee of Coggins Trucking. Mack was physically and emotionally devastated following the accident. He chose to end his own life less than two months later on February 26, 2004.

Shortly after Mack's suicide, his widow Nikki Mack began making financial arrangements. The couple had entered Chapter 13 bankruptcy protection in 2000. During her husband's life, the couple was able to pay approximately $398 per month toward the resolution

1

of their debts. After Mr. Mack's death, Nikki Mack filed a petition to convert her Chapter 13 bankruptcy case into a Chapter 7 liquidation. She stated in her petition that she had "lost her marital home due to foreclosure" and could no longer meet the repayment terms of the Chapter 13 reorganization. Def.'s Ex. 4 at 1 (Nov. 19, 2007).

On January 8, 2007, Mack filed suit against Coggins Trucking for the wrongful death of her husband. Her claim alleges that Coggins Trucking is responsible for both the accident that injured her husband and his subsequent suicide. Mrs. Mack had retained counsel as early as July of 2004 to pursue her claim against Coggins Trucking, but delayed filing until shortly before the statute of limitations expired. Pl.'s Ex. C (Dec. 18, 2007).[1]

Coggins Trucking removed the suit to this forum and has filed the instant motion for summary judgment. The Defendant claims that Mrs. Mack is judicially estopped from pursuing her claims against Coggins Trucking because those claims are contradictory to her bankruptcy filings. In the alternative, the Defendant claims that there is no genuine issue of material fact to support the claim that Coggins Trucking could be liable for Alfred Mack's death.[2]

## II. STANDARD OF REVIEW

Judicial estoppel has been described as "a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent

---

[1] Mrs. Mack may have retained counsel as early as February of 2004. The Defendants have submitted the affidavit of Connie Gill, which states that attorneys for Mrs. Mack began contacting Coggins Trucking, as well as the claims adjusters for their insurer, in February and March of 2004. Def.'s Ex. 5 at 2 (Nov. 19, 2007).

[2] Because the Court finds that Mrs. Mack is judicially estopped from pursuing her claim against Coggins Trucking, it makes no finding on the alternative grounds for summary judgment asserted.

position." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). Application of judicial estoppel against a party is proper when three elements are met: (1) the party's position is plainly inconsistent with its prior legal position; (2) the party convinced a court to accept the prior position; and (3) the party did not act inadvertently. *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

After a party seeks bankruptcy protection, their "obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one." *Id*. If the party later seeks to recover on claims not disclosed to the bankruptcy tribunal, it can be "estopped based on [their] disavowal in the bankruptcy petition of having any claims." *Kamont v. West*, 83 Fed. Appx. 1, 3 (5th Cir. 2003). As the Fifth Circuit has noted, the doctrine of judicial estoppel is "particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe*, 412 F.3d at 600.

### III. APPLICATION AND ANALYSIS

Using the standard described in *Jethroe*, the Court must consider whether application of the doctrine of judicial estoppel is appropriate. The decision to apply judicial estoppel rests within the sound discretion of the district court. *Hall v. GE Plastica Pac. PTE Ltd.*, 327 F.3d 381, 396 (5th Cir. 2003) (internal citations omitted). The Court will consider whether Mrs. Mack took contradictory positions in her respective filings, whether she was able to convince courts of those positions, and whether she acted inadvertently in doing so.

### 1. Contradictory Positions

The evidence and pleadings reveal that Mrs. Mack has taken contradictory positions between her bankruptcy disclosures and the allegations in her complaint. Both statutes and case law "impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (internal citations omitted). The Fifth Circuit has noted that "the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999).

If Mrs. Mack believed she had an unliquidated claim against the Defendant, she had a duty to disclose that claim in the course of her bankruptcy filings. She made no such disclosure. *See* Def.'s Ex. 6 (Nov. 19, 2007). Her failure to notify the bankruptcy court "is tantamount to a representation that no such claim exists." *In re Superior Crewboats, Inc.*, 374 F.3d at 335. She subsequently filed suit against Coggins Trucking, based on the accident and her husband's suicide. *See* Pl.'s Compl. (Jan. 8, 2007). As the Fifth Circuit has held, "such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry." *In re Superior Crewboats, Inc.*, 374 F.3d at 335.

### 2. Convincing Courts to Accept Them

There is no contention by either party that Mrs. Mack was unable to convince the bankruptcy court that she had no outstanding unliquidated claims against the Defendant. She filed her motion to convert from Chapter 13 to Chapter 7 on March 22, 2004. *See* Def.'s Ex. 7 (Nov. 19, 2007). After she made the financial disclosures mandatory to convert, the Chapter 7

discharge was granted by the bankruptcy court on July 28, 2004. *See* Pl.'s Res. Br. at 3 (Dec. 17, 2007).  Because the discharge was granted without mention by Mrs. Mack of her claims against the Defendant, she successfully convinced that tribunal that she had no claim against Coggins Trucking, and the second element of the estoppel test is satisfied.

### 3. Lack of Inadvertence

Finally, Mrs. Mack has not acted inadvertently in pursuing contradictory positions in these two tribunals.  This circuit has held that "in considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *In re Coastal Plains*, 179 F.3d 197, 210 (5th Cir. 1999).

In this case, Mrs. Mack was well aware of the facts underlying her claim against Coggins Trucking as well as her continuing obligation to disclose it to the bankruptcy court.  She certainly knew the relevant facts surrounding the claim, and had even sought representation to pursue the claim prior to her Chapter 7 discharge. *See* Pl.'s Res. Br. at 3 (Dec. 17, 2007).[3]  Moreover, she had the requisite motivation to conceal the claim, as it would allow her to reap a windfall after her Chapter 7 case was concluded.  Her deliberate choice not to disclose her known claim easily satisfies this final element of the judicial estoppel inquiry.

---

[3] Counsel for the Plaintiff attempts to argue that because the case did not initially look promising, Mrs. Mack acted inadvertently by not disclosing the claim to the bankruptcy court. *See* Pl.'s Res. Br. at 3 (Dec. 17, 2007). Adopting the Plaintiff's position would merely reward gamesmanship in evaluating unliquidated claims and undercut the open and honest disclosures necessary to ensure the integrity of the bankruptcy system.

## IV. CONCLUSION

Allowing Mrs. Mack to proceed under her claim against Coggins Trucking "would permit debtors to '[c]onceal their claims; get rid of [their] creditors on the cheap, and start over with a bundle of rights." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004) (internal citations omitted). Although her professed lack of bad faith and unintentional non-disclosure may indeed be genuine, they fail to qualify as inadvertence necessary to avoid estoppel.[4] Because Mrs. Mack swore to have no unliquidated claims before the bankruptcy court, this Court will apply judicial estoppel and hold her to that oath.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion for summary judgment [# 20] should be **granted**.

SO ORDERED AND ADJUDGED on this, the 17th day of January, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[4] *See, e.g.*, *Bridgewater v. Northrop Grumman Ship Sys., Inc.*, 2007 WL 4224212 at *8 (S.D. Miss. Nov. 29, 2007).

6